NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
HERMAN JENKINS, individually        :
and in the name of the United States :
of America,                         :
                                    :
                Plaintiff,          :     Civil No. 05-3400 (RBK)
                                    :
        v.                          :
                                    :
CARDINAL PAVING CO., INC.,          :
                                    :
                Defendants.         :
_____ :

**O P I N I O N**

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant Cardinal Paving's ("Defendant") motion to dismiss Plaintiff Herman Jenkins's ("Plaintiff") complaint. Defendant argues that Plaintiff's complaint is an attempt to perpetrate a fraud on this Court through the use of identity theft. Plaintiff has not responded to Defendant's motion. Because the Court finds that Plaintiff misrepresented his identity in filings before this Court, Defendant's motion to dismiss will be granted.

**I. BACKGROUND**

On July 7, 2005, Plaintiff filed a verified complaint under seal against defendant Cardinal

Paving, his former employer, under the False Claims Act, the New Jersey Conscientious Employee Protection Act, and the New Jersey Law Against Discrimination. The United States reviewed the matter and declined to exercise its right to intervene in the case on June 26, 2006. The Complaint was then unsealed and served on Defendant on September 7, 2006.

According to Defendant, in January 2007, a North Carolina resident named Herman Jenkins contacted Cardinal Paving with allegations of identity theft. In an affidavit filed with the Court, this Herman Jenkins alleges that another individual stole his name and social security number and used this information to apply for employment, work at Cardinal Paving, and initiate this lawsuit. This Herman Jenkins provided copies of his social security card, North Carolina driver's license, and birth certificate, as well as correspondence from the IRS illustrating how he discovered the identity theft in the first place.

Upon learning this information, Defendant contacted Plaintiff's counsel. Counsel for Plaintiff filed a motion to withdraw, which was opposed by Defendant and ultimately denied by Magistrate Judge Donio on April 24, 2007. Defendant filed the unopposed motion to dismiss currently before the Court on March 6, 2007.

## II. ARGUMENTS

Defendant moves for dismissal under Federal Rule of Civil Procedure 41(b), which permits a defendant to move for dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court..." Fed. R. Civ. P. 41(b). Defendant argues that Plaintiff has violated Federal Rules of Civil Procedure 10a and 11. Rule 10a instructs that complaints "shall include the names of all the parties" and Rule 11 warns attorneys that filing a paper with a court necessarily represents that "it is not being presented for any improper

purpose." Fed. R. Civ. P. 10, 11.  Although it was not raised by Defendant, the Court notes that Rule 17a, which provides that "[e]very action shall be prosecuted in the name of the real party in interest" is also implicated.  In addition to the violations of the Federal Rules, Defendant also argues that the inherent authority of a trial court to rectify abuses and impose sanctions permits dismissal of Plaintiff's complaint here.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

**III.  DISCUSSION**

As an initial matter, the Court must determine whether Plaintiff engaged in improper conduct in violation of the Federal Rules.  Defendant's allegations of identify theft, supported by the victim's affidavit, social security card, birth certificate, and tax documents, have not been refuted or even challenged in any way by Plaintiff.  The Court credits Herman Jenkins's statements under oath that he did not initiate this lawsuit and thus concludes that Plaintiff misrepresented his identity to this Court.  See Zocaras v. Castro, 465 F.3d 479 (11th Cir. 2006) (finding violation of rules for filing complaint under false name); Dotson v. Bravo, 321 F.3d 663 (7th Cir. 2003) (same).

Next, having found a violation of the Federal Rules of Civil Procedure, the Court evaluates Defendant's request for dismissal in light of the factors identified by the Third Circuit in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3rd Cir. 1984).  The factors to be weighed are:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of these factors need to be met in order for a court to dismiss a complaint; rather, the decision whether to dismiss is left to the

court's discretion.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3rd Cir. 1992); Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

The first of the Poulis factors weighs heavily in favor of dismissal–any improper conduct here is the work of Plaintiff himself and not his attorneys.  The second and third factors are less relevant because it is unclear what actual prejudice Defendant has suffered in defending this action, and the issue is not dilatoriness but false representations.  The fourth factor weighs in favor of dismissal, as the misrepresentation by Plaintiff as to his identify was clearly willful and not a mistake or accident.  The fifth factor also weighs in favor of dismissal.  The Third Circuit instructs that lesser sanctions must be considered before the harsh remedy of dismissal can be imposed.  Pickel v. United States, 746 F.2d 176 (3rd Cir. 1984).  Here, where the improper conduct was engaged in by the party himself, not by counsel, and where the improper conduct is related to a foundational element of the suit, the identity of the plaintiff, lesser sanctions are insufficient.  The only factor weighing against dismissal is the sixth factor, as it is possible that if the allegations in the pleadings could be established at trial they would support recovery by the Plaintiff.  Poulis, 747 F.2d at 869-70.

In sum, consideration of the Poulis factors, plus the Court's inherent authority to rectify abuses of the judicial system, leads the Court to conclude that dismissal is warranted.  See also Marcano v. Lombardi, Civ. No. 02-2666, 2005 WL 3500063 at *4 (D.N.J. Dec. 20, 2005) ("[plaintiff's] persistence in maintaining his false identity mandates dismissal of his case").

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion is granted and Plaintiff's complaint will be dismissed with prejudice.

Dated:  10/05/2007                                  /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                       United States District Judge